Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| LUNA COMMERCIAL II, LLC<br><br>Demandante - Peticionario<br><br>v.<br><br>HOMERO GONZÁLEZ LÓPEZ; ET ALS<br><br>Demandada - Recurrido | KLCE202300334 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.:<br>K CD2013-1582 (504)<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

El Tribunal de Primera Instancia ("TPI") ordenó a la parte demandante, en un caso de ejecución de hipoteca, entregar información general, de naturaleza operacional, sobre la forma en que ciertas instituciones manejaban cierto tipo de préstamo, además de información sobre préstamos de otros deudores. Según explicamos a continuación, concluimos que erró el TPI, pues no se ha explicado qué pertinencia podría tener la información solicitada ni tampoco cómo la misma podría llevar al descubrimiento de evidencia pertinente.

I.

En el 2013, Doral Bank ("Doral") presentó la acción de referencia, sobre cobro de dinero y ejecución de hipoteca, contra el Lcdo. Homero González López, su esposa, la Sa. Marie Elsie López Adames y la sociedad de gananciales compuesta por ambos (los "Deudores"). En síntesis, alegó ser la tenedora de un pagaré que los Deudores suscribieron a su favor por la suma de $297,500.00, y el cual fue garantizado mediante una hipoteca constituida sobre un

Número Identificador
SEN2023_____

bien inmueble comercial sito en San Juan, Puerto Rico.  Se alegó que los Deudores incumplieron con los términos de la obligación contraída.  Los Deudores contestaron la Demanda.

Oportunamente, Doral presentó una *Moción de Sustitución de Parte*, en la cual solicitó autorización para que se sustituyera a Doral por el Banco Popular de Puerto Rico ("Popular"); el TPI así lo autorizó.

En agosto de 2016, Condado 3, LLC ("Condado 3") presentó una *Moción Solicitando Sustitución de Parte*; informó que había adquirido de Popular el pagaré hipotecario en controversia.  El TPI autorizó la sustitución de parte, según solicitada.

En mayo de 2022, Luna Commercial II, LLC (la "Peticionaria"), presentó una *Moción Para Sustituir Parte Demandante*; informó que había adquirido el préstamo objeto de la Demanda mediante el endoso del correspondiente pagaré y solicitó la sustitución de la parte demandante.

Luego de varios trámites, y en lo pertinente, el 21 de noviembre de 2022, los Deudores presentaron una *Moción Bajo la Regla 34* (la "Moción").  En síntesis, arguyeron que la Peticionaria no fue adecuadamente responsiva al contestar un requerimiento de admisiones, interrogatorios y producción de documentos.  En consecuencia, solicitó que el TPI le ordenara a la Peticionaria producir los documentos solicitados y contestar los requerimientos objetados.

El 20 de diciembre, la Peticionaria objetó la Moción; objetó los siguientes requerimientos y preguntas cursados por los Deudores y los cuales, a través de la Moción, los Deudores habían solicitado al TPI que le ordenase contestar a la Peticionaria (énfasis suplido):

> 1) Requerimiento 5: Copia de todas las comunicaciones escritas, sean mediante carta, correo electrónico, fax o cualquier otro medio hechas por y para **Doral Bank donde se discutan los "balloons riders" como el que tenía la hipoteca objeto de la presente Demanda**.

2) Requerimiento 7: Copia de todas las comunicaciones escritas, sean mediante carta, correo electrónico, fax o cualquier otro medio hechas por y para Doral Bank, Banco Popular y/o Westernbank donde se discutan las **razones por las cuales Doral Bank no cumplió con las disposiciones del contrato de hipoteca** y/o el balloon ryder (sic) de la misma.

3) Requerimiento 8: Toda documentación sobre aquellos **casos donde deudores de Doral Bank, al igual que los demandados**, siguieron pagando el "balloon rider" aunque ya el mismo estaba vencido y le devolvieron el dinero, así como toda la documentación que evidencie las razones, motivos y/o fundamentos por las cuales a dichas personas le devolvieron el dinero.

4) Pregunta 8. Identifique todas las personas envueltas en la **decisión de venta de (los) pagaré(s)** y especifique el rol de cada individuo.

5) Pregunta 9: Provea acceso para examen del expediente de **sistema de contabilidad del préstamo**.

6) Pregunta 12: Produzca copia de todas las comunicaciones generadas por Doral Bank y/o Banco Popular de Puerto Rico en relación con los "balloon riders" de los préstamos comerciales, incluyendo **memorandos internos que contengan instrucciones al personal de cómo proceder con esos préstamos con "balloon riders"**.

7) Pregunta 13: Produzca copia de toda documentación generada por Doral bank y/o (sic) Banco Popular en la que se discutan las **normas de refinanciamiento de los préstamos** con "balloon rider".

8) Pregunta 14: Identifique **todas las reclamaciones judiciales** presentadas por Doral Bank y/o Banco Popular y/o Condado 3 **desde 2011 al presente, relacionados con la ejecución de préstamos con "balloon rider"**.[1]

Mediante una Orden notificada el 7 de marzo, el TPI le ordenó a la Peticionaria contestar el referido descubrimiento.

Inconforme, el 29 de marzo, la Peticionaria presentó el recurso que nos ocupa; plantea la comisión del siguiente error:

Primer Error

Erró el TPI y abusó de su discreción al no conceder una orden de protección a la compareciente y ord[enarle] (sic) a contestar unos requerimientos de producción de documentos e interrogatorios que son perturbadores, onerosos y opresivos.

---

[1] Véase, *Moción en Cumplimiento de Orden y Solicitud de Orden,* Apéndice 32 del recurso, págs. 215-216.

La Peticionaria resaltó que, en agosto de 2022, le había solicitado al TPI que le ordenara a Popular producir "copia fiel y exacta de todos y cada uno de los documentos que obraran en sus expedientes físicos y/o digital del préstamo" de los Deudores, a lo cual el TPI accedió.

Además, la Peticionaria arguyó que el descubrimiento en controversia "va dirigido a documentos generados por Doral Bank y/o Westernbank Puerto Rico y/o Banco Popular, en préstamos que no son del presente caso". Es decir, que se pretendía la entrega de "documentación en general operacional, instrucciones a su persona, normas de refinanciamiento de préstamos, información sobre cuentas de clientes que también habían firmado un *balloon rider* [y] listado de reclamaciones judiciales". La Peticionaria expuso que tanto Doral como Westernbank habían cerrado y ya no operaban, y que si los Deudores interesaban documentación de Popular, adicional a la provista por dicha entidad, debía solicitar una orden al TPI al respecto.

Luego de que le ordenáramos a los Deudores mostrar causa por la cual no debíamos expedir el auto solicitado y revocar el dictamen recurrido, estos presentaron su alegato. En síntesis, arguyeron que "no ha[n] solicitado información de terceros, sino la relacionada a este tipo de préstamo que arroje el manejo de estos dentro de la institución" [sic]. Expusieron que, de no permitirse el descubrimiento solicitado, quedarían en un "estado de indefensión". Resolvemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León,*

176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari*. Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por su parte, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece en qué circunstancias este Tribunal podrá expedir un auto de *certiorari* en el ámbito civil. El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo". *Íd.* Además de esto, a modo de excepción, podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan de interés

público o en cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

III.

El descubrimiento de prueba está reglamentado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 23. Se favorece una etapa de descubrimiento de prueba amplia y adecuada con el fin de evitar inconvenientes, sorpresas e injusticias por ignorancia de las cuestiones y los hechos realmente en litigio. *Medina v. M.S. &D. Química P.R., Inc.*, 135 DPR 718, 730 (1994).

El descubrimiento de prueba coloca a las partes y al tribunal en posición de: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio y así evitar sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad y; (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000).

El descubrimiento de prueba, a pesar de ser amplio y liberal, se limita a materia pertinente y no privilegiada. *Medina*, 135 DPR a las págs. 730-731; *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 38-39 (1986). La prueba pertinente que puede ser objeto de descubrimiento es aquella donde existe "una posibilidad razonable de relación con el asunto en controversia". *Medina*, 135 DPR a la pág. 731; *General Electric*, 118 DPR a la pág. 40. En ese sentido, el concepto de pertinencia en la etapa de descubrimiento de prueba es más amplio que el utilizado para resolver aspectos de admisibilidad de prueba al amparo de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI.; *Íd.* En síntesis, prueba pertinente es aquella que produzca o pueda producir, entre otras: (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar

la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *Sierra v. Tribunal*, 81 DPR 554, 573 esc. 10 (1959). Véanse también: *E.L.A. v. Casta,* 162 DPR 1, 13 (2004)*; Alvarado v. Alemañy*, 157 DPR 672, 683 (2002), citando a *García Rivera et al. v. Enríquez*, 153 DPR 323, 334 (2001)*;* J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, Tomo III, pág. 839*.*

Por otro lado, en lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia, 31 LPRA Ap. VI; *E.L.A.*, 162 DPR a la pág. 9. Ante la ausencia de un privilegio específico reconocido por dichas reglas probatorias no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento. *García Rivera et al.*, 153 DPR a la pág. 323, 333.

Así pues, el descubrimiento de prueba debe ser amplio y liberal. No obstante, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado. Los tribunales "tienen amplia discreción para regular el ámbito del mismo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000). "[L]os tribunales de instancia están facultados para modificar los términos y concluir el descubrimiento de prueba conforme a las particularidades y circunstancias de cada caso." *Íd.*; *Lluch v. España Service Sta.*, 117 DPR 729, 742 (1986).

A tales efectos, la Regla 23.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2(b), faculta al tribunal a emitir órdenes protectoras para evitarle a cualquier parte o persona ser objeto de hostigamiento, perturbación u opresión, así como cualquier gasto o molestia indebida que el descubrimiento pueda ocasionarle. *Rodríguez v. Syntex*, 160 DPR 364, 394-395 (2003); *Vincenti v.*

*Saldaña*, 157 DPR 37, 54 (2002). Asimismo, cualquier limitación al descubrimiento de prueba deberá hacerse de forma razonable.

El ejercicio de discreción en materia de descubrimiento de prueba no es revisable por los tribunales apelativos a menos que se demuestre que el Tribunal de Primera Instancia: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

IV.

Examinadas las circunstancias particulares de este caso, a la luz de la totalidad del récord, concluimos que se justifica nuestra intervención, pues esperar a la apelación produciría un fracaso irremediable de la justicia. La información que el TPI ordenó se produjera a los Deudores no es pertinente y no está bajo el control de la Peticionaria, por lo cual erró el TPI.

En efecto, un examen de los requerimientos y preguntas impugnados por la Peticionaria revela que estamos ante solicitudes carentes de pertinencia y, además, excesivamente amplias. Adviértase que se trata de información ajena al trámite del préstamo objeto de la Demanda; en vez, se solicita información general sobre ciertas políticas operacionales. No obstante, ni ante el TPI, ni ante este Tribunal, los Deudores han intentado explicar, con un mínimo de coherencia, cómo esta información podría ser pertinente al asunto que el TPI tendrá que adjudicar.

En efecto, el TPI le ordenó a la Peticionaria proveer: copia de toda comunicación relacionada con *balloon riders*; copia de toda documentación relacionada con otros deudores de Doral que "siguieron pagando" ciertos préstamos y les "devolvieron el dinero"; todas las personas involucradas en la venta de pagarés y la función de cada una; acceso al expediente del "sistema de contabilidad";

todas las comunicaciones relacionadas con *ballon riders* en préstamos comerciales, incluido cualquier memorando interno; toda documentación generada en torno a las normas de refinanciamiento de préstamos con *balloon riders*; y todas las reclamaciones judiciales desde el 2011 en adelante presentadas por Doral, Popular o Condado 3 relacionadas con "ejecuciones de préstamos" con *balloon riders*.

De lo anterior surge claramente que se pretende el descubrimiento de información ajena al trámite del préstamo objeto de este caso, sin que se explique por qué lo solicitado podría tener pertinencia en el mismo. Peor aún, por sus propios términos, la información estaría en manos de terceros, algunos de los cuales ya no existen. Aunque la Peticionaria, al comprar el préstamo, tiene la obligación de procurar y producir el expediente del mismo, ello ya ocurrió aquí. Lo que no tiene la Peticionaria es la obligación de obtener información general y operacional de entidades ajenas, ni información sobre los préstamos de otros deudores con quien la Peticionaria no tiene relación. Debe recordarse que existen otros mecanismos para que se descubra prueba de terceros ajenos al pleito. Véase, *García Rivera v Enríquez Marín*, 153 DPR 323 (2001).

V.

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari* solicitado y se revoca el dictamen recurrido. Se devuelve el caso al TPI para procedimientos ulteriores compatibles con lo aquí resuelto y consignado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones